## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                :    **BK NO. 11-17320-elf**
                                                      :
LEONARD S BERGMAN                        :    **Chapter No. 7**
MICHELE J BERGMAN                        :
                                                      :
                                                      :
                                      Debtors  :


### SEAVIEW BEACH CONDOMINIUM ASSOCIATION'S ANSWER TO DEBTORS' MOTION TO REOPEN CASE

The Answer of Seaview Beach Condominium Association (hereinafter referred to as "Seaview"), by its attorneys Briggs Law Office, LLC, responds to Debtors' Motion To Reopen Case pursuant to 11 U.S.C. 350 is as follows:

1.      It is Admitted that Debtors filed a Chapter 13 Petition on September 20, 2011.

2.      It is Admitted that on June 20, 2013, the Court granted Debtors' Motion to Convert to Chapter 7.

3.      It is Admitted that on September 30, 2013, the Court entered an Order discharging Debtors from all "dischargeable debts".

4.      Admitted in Part.  It is Admitted that on January 12, 2012 the Court granted the Motion of Deutsche Bank National Trust Company ("Deutsche Bank") for Relief from the Automatic Stay. Seaview is without sufficient information to admit or deny regarding actions taken by Deutsche Bank to foreclose.  By way of further response, attached hereto as "Exhibit A" are printouts from the public access pages of the Unified Court System of New Jersey.  The last entry was Deutsche Bank's Writ of Execution and Uncontested Judgment, entered on March 22, 2017.  The Property in

question, however, still remains in the name of the Debtors Leonard and Michele Bergman. (A copy of the Deed is attached as Exhibit "B").

5.    **Admitted in Part.** It is admitted that Seaview was listed as an unsecured creditor in the amount of $7854.00 on the Schedule F annexed to a Chapter 13 Petition on September 20, 2011. This amount, however, refers to the Bergman's *pre-petition* debt owed to the Association. To the extent this paragraph implies that all debts owed by Debtors to Seaview have been discharged, said allegation is denied. By way of further response, Debtors initially filed for bankruptcy protection in 2011 and discharge was ultimately granted in 2013. Debtors' unpaid assessment, fees and costs for Unit C-5 owed to Seaview for *post-petition assessments*, accruing since September 2011 were <u>not</u> discharged. This amount accrued after Debtors initially filed their bankruptcy petition. To date, assessments and legal fees have continued to accrue against the Debtors Bergmans because the Unit is still titled in their name.

6.    Seaview is without sufficient information to admit or deny because it is unclear to which "notice" this paragraph refers.

7.    **Admitted in Part.** It is admitted that Seaview's Complaint was filed in the Superior Court of New Jersey, Cape May County on July 17, 2015. Moreover, both Debtors Bergmans were personally served with said Complaint on July 21, 2015. (A copy of the Affidavit of Service is attached as Exhibit "C"). Defendant-Debtors never filed a response to the New Jersey Complaint, and as such, the Court in Cape May County entered a Judgment for Default in the amount of $32,370.36 against the Defendant Debtors. (A copy of the Amended Order for Judgment is attached as Exhibit "D"). The New Jersey Judgment was eventually transferred to Bucks County on or about October 13, 2016. (A copy of the Praecipe to Enter Judgment is attached as Exhibit "E"). Denied to the extent this paragraph implies that the "surrender" of a property in

bankruptcy somehow stops the accrual of condominium fees. By way of further response, as noted above, Deutsche Bank's foreclosure action is not yet completed. The Debtors remain the titled owner of Unit C-5 in Seaview. (See Exhibit "B"). Until a third party obtains title to Unit C-5, the assessments continue to accrue. Further, Seaview's Complaint only seeks post-petition assessments, fees and costs, which are not dischargeable. *see*, 11 U.S.C. §523(a)(16).

SECOND PARAGRAPH 6. This paragraph states conclusions of law to which no response is required. By way of further response, continuing to hold legal title, despite surrendering the property, is sufficient to bring the post-petition condo fees within the exception to discharge set forth in 523(a)(16). In re Brown, No 09-14949, 2011 WL 1322311 (Steckroth, J, Apr. 6, 2011, Bankr. Dist. N.J.).

SECOND PARAGRAPH 7. Denied; allegations of harassment are strictly denied. The remainder of this paragraph states conclusions of law to which no response is required. By way of further response, Debtors' Counsel is well aware of the basis of Seaview's position. (*See*, correspondence, dated August 18, 2015, attached hereto as "Exhibit F".) Seaview's counsel has repeatedly advised Debtors' Counsel over the past two (2) years that post-petition condominium assessments are not dischargeable. Nevertheless, Defendant Debtors failed to take action in connection with Seaview's Complaint, until Seaview attempted to execute on said judgment, which prompted the filing of Debtor's baseless Motion in Bankruptcy Court.

WHEREFORE, SEAVIEW BEACH CONDOMINIUM ASSOCIATION requests an Order denying Debtors' Motion; if this Court were to grant Debtors' Motion, then SEAVIEW BEACH CONDOMINIUM ASSOCIATION requests an Order that Debtors' legal title, despite surrendering the property, is sufficient to bring the post-petition condominium fees within the exception to discharge set forth in 523(a)(16), that Debtors'

application for fees and costs is denied, granting SEAVIEW BEACH CONDOMINIUM

ASSOCIATION fees and costs, and for such other relief as to this Court appears just.

### NEW MATTER

8.    This paragraph states conclusions of law to which no response is required.

By way of further response, Debtors' legal title, despite surrendering the property, is

sufficient to bring the post-petition condominium fees within the exception to discharge

set forth in 523(a)(16).

WHEREFORE, SEAVIEW BEACH CONDOMINIUM ASSOCIATION requests an

Order denying Debtors' Motion; if this Court were to grant Debtors' Motion, then

SEAVIEW BEACH CONDOMINIUM ASSOCIATION requests an Order that Debtors' legal

title, despite surrendering the property, is sufficient to bring the post-petition

condominium fees within the exception to discharge set forth in 523(a)(16), that Debtors'

application for fees and costs is denied, granting SEAVIEW BEACH CONDOMINIUM

ASSOCIATION fees and costs, and for such other relief as to this Court appears just.

/s/ Norman W. Briggs, Esq.
NORMAN W. BRIGGS, ESQUIRE
Attorney ID No. 60940
BRIGGS LAW OFFICE, LLC
400 Market Street
Suite 730
Philadelphia, PA 19106
(215) 925-4632
**Attorneys for:  Seaview Beach Condominium Association**

Dated: June 21, 2017

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :    **BK NO. 11-17320-elf**
                                          :
LEONARD S BERGMAN                         :    **Chapter No. 7**
MICHELE J BERGMAN                         :
                                          :
                                          :
                         Debtors  :

    Norman Briggs, Esquire, hereby certifies that a copy of Seaview Beach

Condominium Association's Answer to Debtors' Motion To Reopen Case which has been

filed in the above matter, was sent via first class U.S. Mail on the date listed below to

the following:

> Bonnie Finkel, Trustee 37
> Manning Lane
> Cherry Hill, NJ 08003
>
> Stanton M. Lacks, Esq. 3220
> Tillman Drive, Suite 100
> Bensalem, PA 19020
>
> BAC Home Loan/Countrywide
> 450 American St. South Simi
> Valley, CA 93065
>
> Deutsch Bank National Trust 1761
> E St Andrew PL Santa Ana, CA
> 92705
>
> Zucker, Goldberg & Ackerman 200
> Sheffield St, Suite 301
> Mountainside, NJ 07092-0024

June 21, 2017                          /s/ Norman W. Briggs, Esq.
                                       NORMAN W. BRIGGS, ESQUIRE
                                       Attorney ID No. 60940
                                       BRIGGS LAW OFFICE, LLC
                                       400 Market Street, Suite 730
                                       Philadelphia, PA 19106
                                       (215) 925-4632

- EXHIBIT "A" -

ACMS Public Access    Case 11-17320-elf    Doc 99    Filed 06/21/17  (x86)  Entered 06/21/17 11:55:38    Desc Main
Document    Page 7 of 38

https://portal.njcourts.gov/webe6/ACMSPA/...



ACMS Public Access: Case Document List

← 🔍 🏠 📠 ✉ ❓  ⬇ **Page: 1**

**MORE ...**

| | | | |
|---|---|---|---|
| VENUE | : SUP CLERK | COURT : GENL EQUIT | DOCKET #: F  011635  15 |
| CASE TITLE : DEUTSCHE BANK NATION VS BERGMAN MICHELE | | | |

| SEL | DATE FILED | | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | MUL PTY | DOC STA | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ | 03 | 31 | 2015 | 001 | COMPLAINT | | DEUTSCHE BAN | RAS | CITRON | L | Y | |
| ○ | 07 | 17 | 2015 | 002 | MISC SUB ATTY | | DEUTSCHE BAN | RAS | CITRON | L | N | |
| ○ | 04 | 01 | 2016 | 003 | LOP DISM WARN | | COURT INIT | | | | N | |
| ○ | 04 | 29 | 2016 | 004 | AFFID EXCEPT CI | | DEUTSCHE BAN | RAS | CITRON | L | N | |
| ○ | 09 | 23 | 2016 | 005 | REQ DEFLT | | DEUTSCHE BAN | RAS | CITRON | L | N | |
| ○ | 09 | 27 | 2016 | 006 | MOTN DEFAULT | | DEUTSCHE BAN | RAS | CITRON | L | N | GR |
| ○ | 10 | 31 | 2016 | 007 | ORDR DEFAULT | | DEUTSCHE BAN | RAS | CITRON | L | N | GR |
| ○ | 01 | 17 | 2017 | 008 | NOT PRT DISMISL | | DEUTSCHE BAN | RAS | CITRON | L | N | |
| ○ | 02 | 24 | 2017 | 009 | FINAL JUDG APPL | | DEUTSCHE BAN | RAS | CITRON | L | N | |
| ○ | 02 | 24 | 2017 | 010 | PEND FORCL WRIT | | DEUTSCHE BAN | RAS | CITRON | L | N | |

ACMS Public Access    Case 11-17320-elf    Doc 99    Filed 06/21/17 (x86)    Entered 06/21/17 11:55:38    Desc Main
Document        Page 8 of 38

https://portal.njcourts.gov/webe6/ACMSPA/...



 **ACMS Public Access: Case Document List**

←🔍📠🖨️✉️❓⬆️ **Page: 2**

**END OF LIST**



VENUE      : SUP CLERK      COURT : GENL EQUIT    DOCKET #: F  011635  15
CASE TITLE : DEUTSCHE BANK NATION VS BERGMAN MICHELE

| SEL | DATE FILED | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | | MUL PTY | DOC STA |
|---|---|---|---|---|---|---|---|---|---|---|
| ○ | 03 | 22 | 2017 | 011 | UNCNTSTD JUDGMT | | COURT INIT | | | N |
| ○ | 03 | 22 | 2017 | 012 | WRIT EXEC | | DEUTSCHE BAN | RAS | CITRON | L | N |

Screen ID:CVM1023 **Copyrighted © 2012 – New Jersey Judiciary**
Session ID: FG193J Case Count: 1
BUILD 2015.6.0.02.10 Timer Count down: 286

# - EXHIBIT "B" -

3

662-10565

Charge, Record & Return
Congress Title Division
12 E. Ninth Street
Ocean City, NJ 08226

COUNTY DE CAPE MAY
Consideration 650,000.00
Realty Transfer Fee 4,445.00
Date 09-29-2003 By CLERKDH

Prepared by: _Dorthy F McCrosson_
DOROTHY F. McCROSSON, Esq.

# DEED

This Deed is made on September 12, 2003

BETWEEN:    JOSEPH C. BECKER and PATRICIA A. BECKER, husband and wife, whose post
office address is 221 Winding Pond Road, Londonderry, NH 03053

referred to as the Grantor,

AND:    LEONARD S. BERGMAN and MICHELE J. BERGMAN, husband and wife, whose post
office address is 852 Jason Dr., Bensalem, PA 19020

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**1. Transfer of Ownership.**  The Grantor grants and conveys (transfers ownership of) the property
(called the "Property") described below to the Grantee.  This transfer is made for the sum of  SIX
HUNDRED FIFTY THOUSAND ($650,000.00) DOLLARS.

The Grantor acknowledges receipt of this money.

**2. Tax Map Reference.**  (N.J.S.A. 46:15-1.1) Municipality of Ocean City
Block No. 1601                    Lot No. 6 C-17

**3. Property.**  The Property consists of the land and all the buildings and structures on the land in
the City of  Ocean City, County of  Cape May, and State of New Jersey.  The legal description is:

ALL that certain lot, piece or parcel of land with the buildings and improvements thereon erected,
situate, lying and being in the City of Ocean City, County of Cape May and State of New Jersey:

SITUATE in the City of Ocean City, County of Cape May and State of New Jersey and being Unit
C-5 of the Seaview Beach Condominium together with an undivided 4.686162% interest in and to
the common elements appertaining thereto as set forth in the Master Deed of the Seaview Beach
Condominium, dated November 10, 1981 and recorded November 30, 1981 in Deed Book 1490,
page 918.

BEING known as Lot 6 C-17 in Block 1601 on the current tax map of the City of Ocean City.

UNDER and subject to all rights, reservations, restrictions, covenants, conditions, easements and
bylaws of record.

BEING the same land and premises which Elliott S. Miller and Judith Miller, his wife, by deed dated
January 15, 1988 and recorded January 20, 1988 in Deed Book 1725, page 648 in the Cape May
County Clerk's Office, granted and conveyed unto Joseph C. Becker and Patricia A. Becker, his wife,
in fee.

The street address of the Property is:  1617 Wesley Ave., Unit C-5, Ocean City, NJ

**4. Promises by Grantor.**  The Grantor promises that the Grantor has done no act to encumber the
Property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise
means that the Grantor has not allowed anyone else to obtain any legal rights which affect the
Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

Bk D3042 Pg634 #640



# Fidelity National Title
### INSURANCE COMPANY OF NEW YORK

## SCHEDULE C
## (Legal Description)

Commitment No.: 03-66210565

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Ocean City, County of Cape May, State of New Jersey:

Situate in the City of Ocean City, County of Cape May and State of New Jersey and being Unit C-5 of the Seaview Beach Condominium together with an undivided 4.686162% interest in and to the common elements appertaining thereto as set forth in the Master Deed of the Seaview Beach Condominium, dated November 10, 1981 and recorded November 30, 1981 in Deed Book 1490, page 918.

BEING KNOWN as Lot 6 C17 Block 1601 on the Official Tax Map.

*Commitment(commit.001)*

**Page 8**

RECORDED COUNTY OF CAPE MAY
ANGELA F. PULVINO, COUNTY CLERK
Recording Fee 60.00
Date 09-29-2003 @ 07:58p

**5. Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

Witnessed By:

*Dorothy F McCrossen*

*Joseph C. Becker* (Seal)
JOSEPH C. BECKER

*Patricia A Becker* (Seal)
PATRICIA A. BECKER

STATE OF NEW JERSEY}
COUNTY OF CAPE MAY}SS:

I CERTIFY that on September 12, 2003, Joseph C. Becker and Patricia A. Becker personally came before me and stated to my satisfaction that this person (or if more than one, each person): (a) was the maker of this Deed; (b) executed this Deed as his or her own act; and, (c) made this Deed for $650,000.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5.)

*Dorothy F McCrossen* (Notary)

*Dorothy F McCrossen*
*Attorney at Law, State of N.J.*

DEED                                           September 12, 2003

JOSEPH C. BECKER &
PATRICIA A. BECKER, h/w

Grantor

TO:

LEONARD S. BERGMAN &
MICHELE J. BERGMAN, h/w

Grantee

*66210565*

**Charge, Record & Return**
**Congress Title Division**
**12 E. Ninth Street**
**Ocean City, NJ 08226**

- EXHIBIT "C" -

**BRIGGS LAW OFFICE, LLC**
110 Roosevelt Blvd, Suite 201
Marmora, NJ 08223
(609) 390-9600
Attorneys for Plaintiff Seaview Beach
Condominium Association

---

| | |
|---|---|
| SEAVIEW BEACH CONDOMINIUM ASSOCIATION, Inc. | : **SUPERIOR COURT OF NEW JERSEY** |
| | : **CHANCERY DIVISION** |
| Plaintiff(s) | : **CAPE MAY  COUNTY** |
| | : |
| vs. | : **Docket No. CPM-C-0026-15** |
| | : |
| LEONARD S. BERGMAN AND MICHELE J. BERGMAN;         AND         UNKNOWN TENANTS/OCCUPANTS 1-5, | : |
| | : **Civil Action** |
| | : |
| | : **PROOF OF SERVICE** |
| Defendant(s) | : |
| and | |
| DEUTSCHE   BANK   NATIONAL   TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LAON TRUST 2006-7, | |
| Nominal Defendant. | |

---

I, Penni J. D'Aulerio, of full age, do hereby certify that:

1.      On July 21, 2015, a copy of the Summons and Complaint in this matter was served upon Leonard S. Bergman.  A copy of the Affidavit of Service of Court House Legal Services is annexed hereto as Exhibit "A."

2.      On July 21, 2015, a copy of the Summons and Complaint in this matter was served upon Michelle J. Bergman, by leaving a copy with a competent household member over 14 years of age residing therein.  A copy of the Affidavit of Service of Court House Legal Services is annexed hereto as Exhibit "B."

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  July 24, 2015

**PENNI J. D'AULERIO**

SEAVIEW BEACH CONDOMINIUM    Plaintiff
ASSOC.

        vs.

LEONARD S. BERGMAN, et al    Defendant

**Person to be served** (Name & Address):
LEONARD S. BERGMAN
852 JASON DR.
BENSALEM, PA 19020

**Attorney:**
BRIGGS LAW
400 Market St.
Suite 730
Philadelphia, PA 19106

Superior Court of NEW JERSEY
Chancery Division
CAPE MAY County
Docket Number: CPM-C-0026-15

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

FILED
JUL 3 0 2015

**Papers Served:** SUMMONS AND COMPLAINT
**Service Data:**

Served Successfully __X__    Not Served _____    Date: _7/21/2015_    Time: _6:20 pm_    Attempts: _7_

__X__    Delivered a copy to him / her personally

_____    Left a copy with a competent household
member over 14 years of age residing
therein

_____    Left a copy with a person authorized to
accept service, e.g. managing agent,
registered agent, etc.

Name of Person Served and relationship / title:

_____

_____

**Description of Person Accepting Service:**

Sex: _M_    Age: _45_    Height: _5-7_    Weight: _160_    Skin Color: _White_    Hair Color: _Blonde_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                 _____ Date _____ Time
( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 22nd day
of July, 2015 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

CHRISTOPHER J MULLIN
ID # 2389225
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires September 3, 2019

I, Andre Ferland, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

_____  7/22/15
Signature of Process Server        Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Court
Suite 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: 2015004401
Ref: SEAVIEW BEACH CONDO/BERGMAN

# EXHIBIT A

SEAVIEW BEACH CONDOMINIUM    Plaintiff
ASSOC.
                    vs.
LEONARD S. BERGMAN, et al      Defendant

Superior Court of NEW JERSEY
Chancery Division
CAPE MAY County
Docket Number: CPM-C-0026-15

**Person to be served** (Name & Address):
MICHELLE J. BERGMAN
852 JASON DR.
BENSALEM, PA 19020

## AFFIDAVIT OF SERVICE

**Attorney:**
BRIGGS LAW
400 Market St.
Suite 730
Philadelphia, PA 19106

(For Use by Private Service)

FILED

JUL 0 ? 2015

**Papers Served:** SUMMONS AND COMPLAINT
**Service Data:**

Served Successfully __X__    Not Served _____    Date: _7/21/2015_    Time: _6:20 pm_    Attempts: _____

_____ Delivered a copy to him / her personally

__X__ Left a copy with a competent household member over 14 years of age residing therein

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

LEONARD BERGMAN

HUSBAND

**Description of Person Accepting Service:**

Sex: _M_   Age: _45_   Height: _5-7_   Weight: _160_   Skin Color: _White_   Hair Color: _Blonde_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                      _____ Date _____ Time
( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 22nd day of July, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC

CHRISTOPHER J MULLEN
ID # 2389225
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires September 3, 2019

I, Andre Ferland, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server          Date          7/27/15

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Court
Suite 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: 2015004400
Ref: SEAVIEW BEACH CONDO/BERGMAN

# EXHIBIT B

- EXHIBIT "D" -

**BRIGGS LAW OFFICE, LLC**
110 Roosevelt Blvd, Suite 201
Marmora, NJ 08223
(609) 390-9600
Attorneys for Plaintiff Seaview Beach
Condominium Association

**FILED**

JUL 0 6 2016

MARK H. SANDSON, P.J.Ch.

---

SEAVIEW BEACH CONDOMINIUM
ASSOCIATION, Inc.

Plaintiff(s)

vs.

LEONARD S. BERGMAN AND MICHELE J.
BERGMAN; AND UNKNOWN
TENANTS/OCCUPANTS 1-5,

Defendant(s)

and

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR LONG BEACH
MORTGAGE LAON TRUST 2006-7,

Nominal Defendant.

**SUPERIOR COURT OF NEW JERSEY**
**CHANCERY DIVISION**
**CAPE MAY COUNTY**

Docket No. CPM-C-0026-15

Civil Action

**AMENDED ORDER FOR JUDGMENT**

---

THIS MATTER having been brought before the Court, by Plaintiff, Seaview Beach Condominium Association, Inc. and upon consideration of Plaintiff's Motion for an Order adjudging Defendants Leonard S. Bergman and Michele J. Bergman to be in default for want of appearance in any form in the action.

It appears to the Court that Defendants Leonard S. Bergman and Michele J. Bergman have been legally served with Summons and Complaint via personal service in this action, that entry of default was filed by the Clerk of this Court against Defendants on October 14, 2015; and the Court is fully determined of the sufficiency of the proceedings; therefore

IT IS on this 6 day of ___July___, 2016 ORDERED and DECREED:

1. That Defendants Leonard S. Bergman and Michele J. Bergman be adjudged in default in this action.

2. It is further ordered that judgment be entered in favor of Plaintiff and against Defendants Leonard S. Bergman and Michele J. Bergman in accordance with the claims made in Plaintiff's Complaint.

3. That judgment be entered in the amount of $32,370.36, as set forth in the Statement of Account signed by Property Management Consultants, have been incurred and remain due and owing as of April 6, 2016.

4. Plaintiff is hereby permitted to rent Unit C-5 and to obtain liability insurance to protect both the Defendants' interests and the Association's interests.

MARK H. SANDSON, P.J.Ch.

☐ Opposed
☒ Unopposed

Certified to be a true and correct copy of the original record on file with this Court, as of this date, 9/19/16

Acting Deputy Clerk



# - EXHIBIT "E" -

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

SEAVIEW BEACH CONDOMINIUM
ASSOCIATION, Inc.

                      Plaintiff(s)

vs.

LEONARD S. BERGMAN AND MICHELE J.
BERGMAN;        AND        UNKNOWN
TENANTS/OCCUPANTS 1-5,

                    Defendant(s)

and

DEUTSCHE   BANK   NATIONAL   TRUST
COMPANY AS TRUSTEE FOR LONG BEACH
MORTGAGE LAON TRUST 2006-7,
                Nominal Defendant.

Case #: 2016-06350  B09   11422827

Code: 5316        Judge:34
Patricia L. Bachtle, Bucks County Prothonotary
Rcpt 2016-29-00924   10/13/2016 1:14:22 PM

### PRAECIPE TO ENTER JUDGMENT

TO THE PROTHONOTARY/CLERK OF SAID COURT:

    Please enter judgment against Leonard S. Bergman and Michele J. Bergman in

the amount of $32,370.36.

                      **BRIGGS LAW OFFICE, LLC**

Dated:  October 12, 2016      By:

                      NORMAN W. BRIGGS, ESQUIRE
                      Attorney I.D. 60940
                      Attorneys for Defendant Plaintiff Seaview
                      Beach Condominium Association, Inc.
                      400 Market Street, Suite 730
                      Philadelphia, PA 19106
                      Email: nbriggs@thebriggslaw.com

RECORDED AS A LIEN _____ OCT 0 4 2016

**FILED**

JUL 0 6 2016

MARK H. SANDSON, P.J.Ch.]

**BRIGGS LAW OFFICE, LLC**
110 Roosevelt Blvd, Suite 201
Marmora, NJ 08223
(609) 390-9600
Attorneys for Plaintiff Seaview Beach
Condominium Association

---

SEAVIEW BEACH CONDOMINIUM
ASSOCIATION, Inc.

Plaintiff(s)

vs.

LEONARD S. BERGMAN AND MICHELE J.
BERGMAN;        AND        UNKNOWN
TENANTS/OCCUPANTS 1-5,

Defendant(s)

and

DEUTSCHE    BANK    NATIONAL    TRUST
COMPANY AS TRUSTEE FOR LONG BEACH
MORTGAGE LAON TRUST 2006-7,
Nominal Defendant.

: SUPERIOR COURT OF NEW JERSEY
: CHANCERY DIVISION
: CAPE MAY COUNTY
:
: Docket No. CPM-C-0026-15
:
: J190114 16
:
: Civil Action
:
: AMENDED ORDER FOR JUDGMENT
:
:

---

THIS MATTER having been brought before the Court, by Plaintiff, Seaview Beach

Condominium Association, Inc. and upon consideration of Plaintiff's Motion for an Order

adjudging Defendants Leonard S. Bergman and Michele J. Bergman to be in default for

want of appearance in any form in the action.

It appears to the Court that Defendants Leonard S. Bergman and Michele J.

Bergman have been legally served with Summons and Complaint via personal service

in this action, that entry of default was filed by the Clerk of this Court against

Defendants on October 14, 2015; and the Court is fully determined of the sufficiency of

the proceedings; therefore

RECEIVED

SEP 27 2016

SUPERIOR COURT
CLERK'S OFFICE

IT IS on this 6 day of July, 2016 ORDERED
and DECREED:

1. That Defendants Leonard S. Bergman and Michele J. Bergman be adjudged in
   default in this action.

2. It is further ordered that judgment be entered in favor of Plaintiff and against
   Defendants Leonard S. Bergman and Michele J. Bergman in accordance with the
   claims made in Plaintiff's Complaint.

3. That judgment be entered in the amount of $32,370.36, as set forth in the
   Statement of Account signed by Property Management Consultants, have been
   incurred and remain due and owing as of April 6, 2016.

4. Plaintiff is hereby permitted to rent Unit C-5 and to obtain liability insurance to
   protect both the Defendants' interests and the Association's interests.

MARK H. SANDSON, P.J.Ch.

☐ Opposed
☑ Unopposed

Certified to be a true and correct copy of the
original record on file with this Court, as of
this date, 9/19/16

Acting Deputy Clerk



## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| SEAVIEW BEACH CONDOMINIUM ASSOCIATION, Inc.<br>Plaintiff(s)<br><br>vs.<br><br>LEONARD S. BERGMAN AND MICHELE J. BERGMAN; AND UNKNOWN TENANTS/OCCUPANTS 1-5,<br><br>Defendant(s)<br>and<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LAON TRUST 2006-7,<br>Nominal Defendant. | File No. _____ |

### NOTICE OF FILING JUDGMENT

TO:   MICHELE J. BERGMAN
      852 Jason Drive
      Bensalem, PA 19020

NOTICE is hereby given that a Judgment in the above-captioned matter has been entered against you in the amount of $32,370.36, on July 6, 2016.

A copy of all documents filed with the Prothonotary in support of the within judgment is enclosed.

**Patricia L. Bachtle**
**Prothonotary**

By:   _____
                              Deputy

If you have questions regarding this Notice, please contact the filing party:

**BRIGGS LAW OFFICE, LLC**
NORMAN W. BRIGGS, ESQUIRE
Attorney I.D. 60940
Attorneys for Defendant Plaintiff Seaview
Beach Condominium Association, Inc.
400 Market Street, Suite 730
Philadelphia, PA 19106
215-925-4632
Email: nbriggs@thebriggslaw.com

(This Notice is given in accordance with Pa. R. C. P. No. 236.)

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| SEAVIEW BEACH CONDOMINIUM ASSOCIATION, Inc. | : |
| Plaintiff(s) | : |
| | : File No. _____ |
| vs. | : |
| | : |
| LEONARD S. BERGMAN AND MICHELE J. BERGMAN; AND UNKNOWN TENANTS/OCCUPANTS 1-5, | : |
| | : |
| Defendant(s) | : |
| and | : |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LAON TRUST 2006-7, | : |
| Nominal Defendant. | : |

### NOTICE OF FILING JUDGMENT

TO:    LEONARD S. BERGMAN
        852 Jason Drive
        Bensalem, PA 19020

NOTICE is hereby given that a Judgment in the above-captioned matter has been entered against you in the amount of $32,370.36, on July 6, 2016.

A copy of all documents filed with the Prothonotary in support of the within judgment is enclosed.

**Patricia L. Bachtle**
**Prothonotary**

By: _____
                                        Deputy

If you have questions regarding this Notice, please contact the filing party:

**BRIGGS LAW OFFICE, LLC**
NORMAN W. BRIGGS, ESQUIRE
Attorney I.D. 60940
Attorneys for Defendant Plaintiff Seaview
Beach Condominium Association, Inc.
400 Market Street, Suite 730
Philadelphia, PA 19106
215-925-4632
Email: nbriggs@thebriggslaw.com

(This Notice is given in accordance with Pa. R. C. P. No. 236.)

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| SEAVIEW BEACH CONDOMINIUM ASSOCIATION, Inc. | : |
| Plaintiff(s) | : |
| | : File No. _____ |
| vs. | : |
| | : |
| LEONARD S. BERGMAN AND MICHELE J. BERGMAN;     AND     UNKNOWN TENANTS/OCCUPANTS 1-5, | : |
| | : |
| Defendant(s) | : |
| and | : |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LAON TRUST 2006-7, | : |
| Nominal Defendant. | : |

## CERTIFICATION OF ADDRESSES

TO THE PROTHONOTARY/CLERK OF SAID COURT

This is to certify that the address of Plaintiff is as follows:

SEAVIEW BEACH CONDOMINIUM ASSOCIATION, INC., c/o
Property Management Consultants
15 North Shore Road
Marmora, NJ 08223

This is to certify that the address of the Defendants is as follows:

LEONARD S. BERGMAN
852 Jason Drive
Bensalem, PA 19020

MICHELE J. BERGMAN
852 Jason Drive
Bensalem, PA 19020

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BRIGGS LAW OFFICE, LLC**

Dated: October 12, 2016            By: _____

NORMAN W. BRIGGS, ESQUIRE
Attorney I.D. 60940
**Attorneys for Defendant Plaintiff Seaview
Beach Condominium Association, Inc.**
400 Market Street, Suite 730
Philadelphia, PA 19106
215-925-4632
Email: nbriggs@thebriggslaw.com

(This Notice is given in accordance with Pa. R. C. P. No. 236.)

- EXHIBIT "F" -

## BRIGGS LAW OFFICE

August 18, 2015

Adam Yanoff, Esquire
Law Offices of Stanton Lacks
3220 Tillman Dr.
Bensalem, PA 19020

Re:    **Unit C5 Seaview Beach Condominiums**
    **Ocean City, New Jersey**
    **Mr. and Mrs. Leonard Bergman**

Dear Adam:

Instead of going through Nicki, I thought it would be easier to contact you directly. As you may recall, this firm represents Seaview Beach Condominium Association.

The Bergmans' surrendered their condominium as part of their bankruptcy. However, Deutsche Bank has not foreclosed on the property. A bankruptcy surrender of real estate does not "quitclaim" the property back to the mortgage-holding bank immediately. In New Jersey, foreclosure is required for the title to transfer from the Bergmans back to Deutsche Bank after the bankruptcy.

While the bankruptcy discharged the Bergmans' obligation to pay all pre-petition past-due fees and dues, it does not have any effect on all post-filing dues and fees. Post-petition dues and fees that become due and owing will be the obligation of the Bergmans until the Bergmans no longer hold title to the property. Even though the Bergmans surrendered the Condo, dues must be paid from the date-of-filing of the bankruptcy petition until the property is transferred to another owner or back to the bank.

Seaview Beach Condominium Association has filed a complaint for the post-petition fees and dues. In addition, the Association has applied to have a rent receiver appointed during the pendency of the Foreclosure action.

Instead of proceeding with this current action, the Association would like to rent the Bergmans' Unit to defray the mounting regular and special assessments.

Accordingly, we have been retained by the Association to obtain the Bergmans' consent for the Association to rent Unit C5. Attached is an Assignment of Leases and Rents for the Bergmans' signature. Under this proposed agreement, the Association would lease Unit C5 and apply the rents to the outstanding assessments. The Association would rent the Unit until Deutsche Bank completed the foreclosure proceeding.

**BRIGGS LAW OFFICE**

Adam Yanoff, Esquire
August 18, 2015
Page 2 of 2

_____

        Please give this matter your immediate attention.    If you have any
questions, please do not hesitate to contact me.

                                Very truly yours,

                                *Elizabeth F. Casey/mw*

                                **ELIZABETH F. CASEY**

**EFC**/mw
Doc ID:  8.18.15 – ltr to A. Yanoff re assignment of rents and leases
Enclosure


Cc w/enc.:  Property Management Consultants

## ASSIGNMENT OF LEASES AND RENTS

This Assignment made this _____ day of _____ 2015, by and between Leonard S. Bergman and Michele J. Bergman with an address of 852 Jason Drive, Bensalem, PA 19020 ("Assignor") and Seaview Beach Condominium Association with an office at 15 N. Shore Road, Marmora, NJ 08223 ("Assignee")

**WITNESSETH:**

Assignors are the fee owner of premises known as 1617 Wesley Avenue, Unit C-5, Ocean City , New Jersey, designated tax block 1601, lot no. 6 C17 ("Premises").

Assignors surrendered the Premises as part of Chapter 13 Bankruptcy filed in the Eastern District of Pennsylvania, Case number 11-17320-elf . Assignors were granted a discharge in bankruptcy on or about September 30, 2013. Deutsche Bank has not foreclosed on the Premises. Deutsche Bank initiated foreclosure proceedings at docket number F-011635-15 on or about March 31, 2015. Assignors remain the owners of the Premises until the foreclosure is complete.

Regular and special assessments continue to accrue against the Premises. Assignors have agreed to make this Assignment of Leases and Rents to defray the assessments that have accrued since the bankruptcy discharge and continue to accrue until the foreclosure is complete.

**NOW THEREFORE,** in order to defray the regular and special assessments presently accruing on the Premises, the Assignors hereby assign to the Assignee all of the rents, profits and issues due and to become due from the Premises, together with all documents, leases, agreements, service contracts and insurance policies affecting the Premises.

## 1. RENTS

Assignee shall have the power and authority to enter upon and take possession of the Premises and to demand, collect and receive from the tenants, lessees or parties in possession of the Premises or part thereof, rents now due or to become due; to endorse Assignors' name or any subsequent owner of the Premises, on any checks, notes or any other instruments for the payment of money; to deposit same in Assignee's accounts; to give any and all instruments in connection thereto in Assignors' name or in the name of Assignee; to institute, prosecute, settle or discontinue any summary or other legal proceedings for the recovery of rents or profits or to recover the whole or part of the Premises; to institute, prosecute, settle or discontinue any other legal proceeding for the protection and security of the Premises, for damages sustained to the Premises or from any other cause or for the abatement of any nuisance thereon. Assignee shall also have the right and power to defend any legal proceeding brought against Assignors or any subsequent owner of the Premises arising out of the operation of the Premises.

## 2. AUTHORITY TO LEASE

Assignee shall have the right, power and authority to lease or rent the Premises or any part thereof; to employ an agent to manage and rent the Premises, to make any and all improvements to the Premises deemed solely by Assignee to be necessary for the leasing of the Premises, to maintain and keep the Premises in a rentable condition and in a good state of repair, to purchase any and all supplies, materials and equipment deemed necessary by Assignee in the continued operation and maintenance of the Premises, to pay all utilities, taxes and assessments for the Premises now due and to become due which are or may become liens against the Premises, to pay the premiums on all insurance policies affecting the Premises which are or may become due, to comply with all orders or notices of any governmental authority having jurisdiction over the Premises, to discharge Mechanic's Liens or any other interests or liens filed against the Premises either by payment to the lienor or by filing with the appropriate court a bond pursuant to court order, and to pay all charges and expenses incurred in the operation of the Premises.

## 3. EXPENSES

The Assignee shall have the authority, which is expressly given by Assignors, to pay for all matters from the rents and revenues collected from the Premises. These costs and expenses and any other payment made by Assignee in connection with the operation of the Premises, including reasonable attorneys' fees, shall be a charge to Assignors and may be deducted from the rents and profits received from the operation of the Premises.

## 4. ASSIGNEE'S LIABILITY

Except for the willful malfeasance or gross negligence of Assignee, the Assignee shall not be liable for any act or omission but shall only be liable to account for moneys received by Assignee. Notwithstanding the foregoing, nothing herein contained shall be deemed to prejudice Assignee's rights of Assignee.

## 5. ASSIGNMENT OF LEASES

Assignors hereby assigns and transfers to Assignee all the leases and subleases, if any, made to the occupants of the Premises and all of its right, title and interest to the security stated in those leases and subleases and the Assignors further authorizes and empowers Assignee to honor the terms, conditions and provisions of the leases and subleases or to rent anyone or more of the units in the Premises upon such terms, conditions and provisions as Assignee, in its sole discretion deems prudent and to execute any and all documents necessary to accomplish that end. Assignee shall have the full power and authority to do any and all acts with respect to the Premises as the Assignors might or be permitted to do, with full power and substitution and Assignors hereby expressly ratifies and confirms those acts which might be done by Assignee.

## 6. LEASE MODIFICATION

Assignors will not without the prior written consent of Assignee cancel, modify or surrender any lease now or in the future existing with respect to any unit in the Premises; abate or reduce any rent due under any lease; modify, alter or amend any of the terms, provisions and conditions of any lease; and/or execute any new lease for any unit in the Premises.

## 7. ACCOUNTABILITY

Assignee, except for its acts of gross negligence or willful misconduct, shall not be liable or responsible in any way for the failure to account or fraud or defalcation of rents received by Assignee's agent designated to manage the Premises or collect the rents. Assignee shall in no way be liable for its failure or refusal to make repairs to the Premises nor for any debt incurred in connection with the operation of the Premises.

## 8. ASSIGNEE'S RIGHT IN THE COLLATERAL

It is expressly agreed by the parties hereto that the rights and powers given to Assignee contained in this document shall in no way prejudice or estop the Assignee in the exercise of the rights afforded to it under the Master Deed of Seaview Beach Condominium Association or against any other collateral of Assignors that Assignee may have.

## 9. SURPLUS

Except as required by law, Assignee may but shall be under no obligation to do so, turn over to the Assignor any surplus moneys which the Assignee may have after paying all expenses incurred in connection with the operation of the Premises and establishing a reserve fund necessary for the payment of fixed charges due or to become due for such time as Assignee, in its sole discretion deems reasonable. The tender by Assignee to Assignor of surplus moneys on one occasion shall not obligate Assignee to tender surplus moneys thereafter.

## 10. DESCRIPTION OF PREMISES

The Premises are more particularly described as follows.

The Property consists of the land and all the buildings and structures on the land in the City of Ocean City, County of Cape May, and State of New Jersey. The legal description is:

ALL that certain lot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the City of Ocean City, County of Cape May and State of New Jersey:

SITUATE in the City of Ocean City, County of Cape May and State of New Jersey and being Unit C-5 of the Seaview Beach Condominium together with an undivided 4.686162% interest in

and to the common elements appertaining thereto as set forth in the Master Deed of the Seaview Beach Condominium, dated November 10, 1981 and recorded November 30, 1981 in Deed Book 1490, page 918.

BEING known as Lot 6 C-17 in Block 1601 on the current tax map of the City of Ocean City.

UNDER and subject to all rights, reservations, restrictions, covenants, conditions, easements and bylaws of record.

BEING the same land and premises which Elliott S. Miller and Judith Miller, his wife, by deed dated January 15, 1988 and recorded January 20, 1988 in Deed Book 1725, page 648 in the Cape May County Clerk's Office, granted and conveyed unto Joseph C. Becker and Patricia A. Becker, his wife, in fee.

The street address of the Property is: 1617 Wesley Ave., Unit C-5, Ocean City, NJ

## 11. SATISFACTION

Upon the payment in full of all indebtedness or successful foreclosure by Deutsche Bank, Assignee shall execute and deliver, in recordable form, a release of this Assignment of Leases and Rents.

## 12. AGREEMENT BINDING

This Assignment of Leases and Rents shall be binding on the Assignors and their successors and assigns and shall inure to the benefit of Assignee, its successors and assigns. This Assignment of Leases and Rents may not be changed orally but only by an agreement in writing signed by the parties hereto.

## 13. LAW GOVERNING

The terms, conditions and provisions of this Assignment of Leases and Rents shall be governed by the laws of the State of New Jersey.

## 14. PRIOR ASSIGNMENT

Assignors represent and warrant that they are the owner in fee of the Premises and has not executed any prior assignment or pledge of any of their rights, nor are their rights encumbered, with respect to the leases assigned hereunder, or any of the rents, income or profits due or to become due from the Premises. Assignors further represent and warrant that they shall not assign, pledge or encumber the leases to any party or entity during the terms of this Assignment of Leases and Rents,

**IN WITNESS WHEREOF,** the Assignors have executed this Assignment of Leases and Rents as of the date and year first written above.

ASSIGNORS:

By: _____
        Leonard S. Bergman


By:_____
        Michele J. Bergman


STATE OF PENNSYLVANIA                    :
                                          :
                                          : ss.
                                          :
COUNTY OF BUCKS              :


        BE IT REMEMBERED, that on this _____ day of _____2015, before me, the subscriber, personally appeared Leonard S. Bergman and Michele J. Bergman. who executed the within instrument and thereupon acknowledged that he or she signed and delivered the same as the voluntary act and deed of Leonard S. Bergman and Michele J. Bergman.


                        _____