UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | LEONARD BERGMAN | : | Chapter 7 |
| | MICHELE BERGMAN, | : | |
| | | : | |
| | Debtors | : | Bky. No. 11-17320 ELF |

# M E M O R A N D U M

## I.

The Debtors filed this bankruptcy case under chapter 13 of the Bankruptcy Code on September 20, 2011.  They converted the case to chapter 7 on June 20, 2013.  After converting the case, the Debtors filed a Statement of Intention (Official Form B108), stating their intention to surrender their interest in the condominium unit that is subject to ongoing condominium fees assessed by Seaview Beach Condominium Association ("Seaview").   The Debtors received their chapter 7 discharge on September 30, 2013.  The case was closed on October 3, 2013.

The Debtors now seek to reopen the case to enforce their discharge order.  They assert that, since June 4, 2015, Seaview and its counsel have violated the discharge order by attempting to collect condominium assessments that accrued after the commencement of the bankruptcy case and that were discharged.

Seaview objects to the reopening of the case.  Based on 11 U.S.C. §523(a)(16), Seaview asserts that no discharge violation could have occurred because the condominium fees assessed post-petition were not discharged.

## II.

11 U.S.C. §350 provides: " A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

The determination whether to reopen a bankruptcy case is committed to the discretion of the bankruptcy court. The burden of demonstrating circumstances sufficient to justify the reopening is placed upon the moving party. See, e.g., In re Antonious, 373 B.R. 400, 405–06 (Bankr. E.D. Pa. 2007) (citing authorities).

In determining the propriety of reopening a case, the court should consider a variety of non-exclusive factors including:

1. the length of time that the case has been closed;

2. whether a non-bankruptcy forum, such as state court, has the ability to determine the dispute;

3. whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the post-bankruptcy rights of the parties;

4. whether any parties would be prejudiced were the case reopened or not reopened;

5. the extent of the benefit which the debtor seeks to achieve by reopening; and

6. whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened.

Id.

### III.

In opposing the Debtors' motion to reopen, Seaview posits that the sixth (6th) factor stated above is dispositive. Seaview argues that reopening the case would serve no purpose: the Debtors are not entitled to relief for violating the discharge order because it is clear, as a matter of law, that no discharge violation occurred; the post-petition condominium assessments are nondischargeable.

I agree with Seaview.

**A.**

The outcome here is controlled by 11 U.S.C. §523(a)(16), which excepts from discharge a debt for

> a fee or assessment that **becomes due and payable after the order for relief** to a membership association **with respect to the debtor's interest in a unit that has condominium ownership**, in a share of a cooperative corporation, or a lot in a homeowners association, **for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit** . . . .

(emphasis added).

The Debtors do not contend they have transferred record title (voluntarily or involuntarily) of the subject condominium unit to Seaview or a third party.[1]  Thus, based on the plain language of §523(a)(16), all assessments falling due after the filing of the petition[2] are

---

[1] In its response to the Motion, Seaview affirmatively represents that the Debtors remain the owners of the condominium unit. The Debtors have not disputed that factual contention.

[2] Based on the text of 11 U.S.C. §523(a)(16), there may be some question, in a case converted to chapter 7, whether the discharge exception refers to all post-petition condominium assessments or only those assessments made after the conversion of the case to chapter 7.

11 U.S.C. §348(a) provides that conversion of a case constitutes "an order for relief under the chapter to which the case is converted." Section 348(a) qualifies this provision by stating:

> but, except as provided in subsections (b) and (c) of this section, [conversion] does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Thus, a voluntary bankruptcy case can have two (2) orders for relief, the first on the petition date and the second on the conversion date. This distinction is recognized in the chapter 7 discharge provision. 11 U.S.C. §§727(b) (emphasis added) provides that the discharge applies to "all debts that arose **before the date of the order for relief under this chapter**.

At first blush, read together, §§348(a) and 727(b) seem to state that debts arising post-petition and pre-conversion, including condominium assessments, are dischargeable. However, the discharge rights afforded by §727(b) are subject to the exceptions in §523(a), including subsection (a)(16). Section 523(a)(16) excepts from discharge fees and assessments "due and payable after the order for relief." Unlike §348(a) and 727(b), §523(a)(16) does not refer to the order for "under this

(continued...)

-4-

nondischargeable because Debtors continued thereafter to have legal ownership of the condominium unit.

**B.**

The Debtors assert that §523(a)(16) is inapplicable because they "surrendered" the condominium unit during the bankruptcy case and therefore, do not have "a legal, equitable, or possessory ownership interest" in the condominium unit since the petition date.[3]

This argument fails for the simple reason that the act of stating the intention to surrender property in the required chapter 7 Statement of Intention does not serve to alter the Debtors' ownership interest in the condominium unit. "Absent some further action—such as foreclosure, deed in lieu of foreclosure, or short sale of the property — surrender does not divest a debtor of

---

[2](...continued)
chapter," i.e., under chapter 7.

    Given that §523(a)(16) is the controlling provision, the question, then, is whether §523(a)(16) refers to the initial order for relief or the conversion order for relief as the dischargeability boundary line.

    If §523(a)(16) refers to the order for relief arising upon the conversion of the case, Seaview's efforts to collection condominium fees assessed postpetition/pre-conversion would violate the discharge order, probably rendering it appropriate to reopen this case to afford the Debtors some relief. If §523(a)(16) refers to order for relief arising upon the filing of the bankruptcy petition, then Seaview's collection efforts did not violate the discharge order.

    The three (3) courts that have considered the application of §523(a)(16) in a case converted to chapter 7 from another chapter all have concluded that §523(a)(16) refers to the initial order for relief, thereby rendering condominium assessments nondischargeable starting with the petition date, not the conversion date. See Hijjawi v. Five North Wabash Condominium Ass'n, 495 B.R. 839 (N.D. Ill. 2013), aff'g 471 B.R. 917 (Bankr. N.D. Ill. 2012); In re Borgus, 544 B.R. 315 (Bankr. E.D.N.C. 2016).

    I find the analyses in Hijawi and Borgus persuasive and I will follow their holdings.

[3]    Presumably, the Debtors assume that their post-conversion Statement of Intention relates back to the petition date.

ownership and its obligations." In re Spencer, 457 B.R. 601, 612 (E.D. Mich. 2011) (citing authorities); accord In re Redante, 579 B.R. 354, 363 (Bankr. E.D. Pa. 2018). The Debtors have not suggested that they have conveyed title through a foreclosure, deed in lieu of foreclosure or sale of the condominium unit. Thus, it appears that the Debtors continue to hold a legal ownership interest in the condominium unit, which renders the §523(a)(16) discharge exception applicable.

## C.

Finally, the Debtors cite In re Coonfield, 517 B.R. 239 (Bankr. E.D. Wash. 2014) for the proposition that the post-petition condominium fees were discharged because the fees constitute a contingent, unmatured portion of Seaview's pre-petition claim. In making this argument, the Debtors fail to appreciate the differences between chapter 7 and chapter 13 discharges and misunderstand the consequence of the holding in Coonfield.

In Coonfield, the court held that, in a chapter 13 case, which is governed by 11 U.S.C. §1328(a), post-petition condominium fees are dischargeable. That holding is inapplicable in a chapter 7 case where the dischargeability of such debts is governed by 11 U.S.C. §523(a)(16), not §1328(a). The outcome in the two (2) bankruptcy chapters differs because §1328(a)(2) incorporates some, but not all, of the chapter 7 discharge exceptions set forth in §523(a)). Section 523(a)(16) is not among the chapter 7 discharge exceptions incorporated by §1328(a)(2).

The Coonfield court also necessarily addressed a second issue: whether post-petition condominium assessments should be treated as debts arising pre-petition debts or as debts arising post-petition. Resolution of this issue was necessary because, if the post-petition condominium assessments are treated as post-petition debts, the distinction between the chapter 7 and chapter

13 discharge provisions is irrelevant. Even under chapter 13, debts that arise post-petition, that are not "provided for" in the debtor's plan, are not discharged. See 11 U.S.C. §1328(a).[4]

In Coonfield, the court held that the post-petition condominium assessments were sufficiently rooted in the pre-bankruptcy relationship to warrant their treatment as a pre-petition debt. However, the Coonfield court is but one of many courts that have addressed this issue and the courts are divided on the proper characterization of condominium fees that are assessed post-petition. See Spencer, 457 B.R. at 606-09 (discussing the competing lines of cases).

To resolve the present contested matter, I need not weigh in on this issue. Assuming that Coonfield was correctly decided, it establishes only that, **absent the enactment of §523(a)(16)**, the condominium fees assessed post-petition are nonetheless pre-petition debts **that are subject to being discharged in a chapter 7 case**.[5] But §523(a)(16) was enacted, it controls dischargeability in chapter 7 cases, and it excepts from discharge the condominium fees accruing post-petition so long as the Debtors continue to own the subject condominium unit.

---

[4] Section 1328(a) provides for a discharge of "all debts provided for by the plan," subject to various exceptions stated in subdivisions (a)(1) through (a)(4), "after the completion by the debtor of all payments under the plan."

[5] Prior to the enactment of 11 U.S.C. §523(a)(16), courts disagreed whether condominium fees arising post-petition are discharged under §727(b) or whether they arise post-petition and therefore, are non-dischargeable, post-petition debts. In chapter 7 cases, this judicial debate was legislatively resolved by the enactment of §523(a)(16), which renders post-petition condominium assessments nondischargeable so long as the debtor continues to own or possess the condominium unit. But §523(a)(16) does not apply in chapter 13 cases. As Coonfield illustrates, that judicial debate rages on in chapter 13 cases.

## IV.

For the reasons stated above, the Debtors cannot obtain the relief they are seeking, making it unnecessary to reopen this bankruptcy case.

Date:  **March 19, 2018**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**